STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC PARTY OF NEVADA, a Nevada domestic non-profit corp association;<br><br>Defendant. | Case No.: 2:10-cv-01129<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against the Democratic Party of Nevada (known herein as the "Defendant"), on information and belief:

**NATURE OF ACTION**

1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. The Defendant is, and has been at all times relevant to this lawsuit, a Nevada domestic non-profit coop association with its principal place of business in Nevada.

5. The Defendant is, and has been at all times relevant to this lawsuit, identified by the current registrar, Network Solutions, LLC. ("Network Solutions"), as a registrant of the Internet domain found at <nvdems.com> (the "Domain").

6. At all times relevant to this lawsuit, the Defendant claims ownership of the copyright(s) in and to the literary works posted as part of the content accessible through the Domain (said content accessible through the Domain, and the Domain itself known herein as the "Website") as evidenced by a copyright notice displayed on the Website: "Copyright 2010 Nevada State Democratic Party."

**JURISDICTION**

7. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8. Righthaven is the owner of the copyright in and to the literary work entitled: "Statewide numbers: Gaming revenues jump 13.9 percent" (the "Work"), attached hereto as Exhibit 1.

9. The Defendant willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

10. On or about April 8, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2.

11. The Defendant willfully copied, on an unauthorized basis, the literary work entitled: "For these U.S. Senate candidates, happiness is a warm gun" (the "Warm Gun Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

12. On or about May 11, 2010, the Defendant displayed, and continues to display, the Warm Gun Article on the Website.

13. The Defendant willfully copied, on an unauthorized basis, the literary work entitled: "Program helps keep those who hit hard times off the streets" (the "Program Helps Article"), attached hereto as Exhibit 4, from a source emanating from Nevada.

14. On or about May 14, 2010, the Defendant displayed, and continues to display, the Program Helps Article on the Website.

15. The Defendant willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Senate overhauls financial regulations" (the "Senate Overhauls Article"), attached hereto as Exhibit 5, from a source emanating from Nevada.

16. On or about May 23, 2010, the Defendant displayed, and continues to display, the Senate Overhauls Article on the Website.

17. The Defendant willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Reid says Bank of America opening mortgage modification centers" (the "Reid Article"), attached hereto as Exhibit 6, from a source emanating from Nevada.

18. On or about May 13, 2010, the Defendant displayed, and continues to display, the Reid Article on the Website.

19. The Defendant purposefully directs and effectuates the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

## VENUE

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(3) and §1400(a), because the Defendant may be found in Nevada.

22. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because the Defendant is subject to personal jurisdiction in Nevada.

## FACTS

23. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

24. Righthaven is the owner of the copyright in and to the Work.

25. The Work was originally published on April 8, 2010.

26. On June 23, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007161082 (the "Registration") and attached hereto as Exhibit 7 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

27. On or about April 8, 2010, the Defendant displayed the Infringement on the Website.

28. Democratic Party of Nevada did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

29. Democratic Party of Nevada was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

30. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 29 above.

31. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

32. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

33. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

34. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

35. The Defendant reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

36. The Defendant created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

37. The Defendant distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

38. The Defendant publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

39. The Defendant willfully engaged in the copyright infringement of the Work.

40. The Defendant's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41. Unless the Defendant is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by the Defendant of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendant, and the Defendant's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendant, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendant to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendant's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendant has communicated regarding the Defendant's use of the Work; and

    c. All financial evidence and documentation relating to the Defendant use of the Work;

3. Direct Network Solutions and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

      6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

      7.      Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this ninth day of July, 2010.

                              RIGHTHAVEN LLC

                              By: /s/ J. Charles Coons
                              STEVEN A. GIBSON, ESQ.
                              Nevada Bar No. 6656
                              J. CHARLES COONS, ESQ.
                              Nevada Bar No. 10553
                              JOSEPH C. CHU, ESQ.
                              Nevada Bar No. 11082
                              9960 West Cheyenne Avenue, Suite 210
                              Las Vegas, Nevada 89129-7701
                              Attorneys for Plaintiff